UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Andre T. Conley,

    Petitioner,

      v.                                    Case No. 1:09CV555

Warden, Ross Correctional Institution,      Judge Michael R. Barrett
,

    Respondent.

## ORDER

This matter is before the Court on the Magistrate Judge's April 22, 2010 Report and Recommendation that recommends dismissal of the habeas corpus action for lack of prosecution. (Doc. 15). Petitioner filed objections to the Report and Recommendation. (Doc. 17). For the reasons provided below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety.

### I.    BACKGROUND

On August 4, 2009, Petitioner filed a document in the District Court for the Southern District of Ohio "Seeking Consideration From this Court to Finally File My Now Known Final Stage in the State Judicial System Under A U.S.C.A. 2254 and Civil Rule 6(B)." (Doc. 1). The Magistrate Judge issued an Order on that document requiring Petitioner to file the appropriate documents for a habeas corpus petition pursuant to 28 U.S.C. § 2254, which were to be sent to him by the Clerk of Court, and to pay the appropriate fees for the same within thirty days. (Doc. 2). On September 9, 2009, the

Magistrate Judge granted Petitioner an extension of time of sixty days to submit the appropriate documents and fees. (Doc. 5).

On December 1, 2009, after Petitioner did not file the appropriate documents or fees, the Magistrate Judge issued a Report and Recommendation that this habeas corpus action be dismissed for lack of prosecution and failure to comply with a court order. (Doc. 6). Upon a motion by Petitioner, the Magistrate Judge withdrew that Report and Recommendation and granted Petitioner another extension of time of sixty days. (Doc. 9). On December 28, 2009, Petitioner paid the required filing fee.

On February 29, 2010, Petitioner requested another extension of sixty days. (Doc. 12). The Magistrate Judge granted that extension, and ordered Petitioner to file his habeas corpus petition no later than April 19, 2010. (Doc. 13).

On April 22, 2010, after Petitioner's deadline for filing his habeas petition had passed, the Magistrate Judge issued a Report and Recommendation that the action be dismissed for lack of prosecution. (Doc. 15). On May 12, 2010, Petitioner filed objections to the Report and Recommendation. (Doc. 17). In his filing, Petitioner indicated his intent to file three motions for relief and attached as an exhibit a petition for habeas corpus relief under 28 U.S.C. § 2254. (Doc. 17).

## II.  ANALYSIS

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further

evidence, or recommit the matter to the magistrate judge with instructions." *Id.* See also 28 U.S.C. § 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991).

The Magistrate Judge correctly points out that district courts have the inherent power to *sua sponte* dismiss civil actions for want prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the court's inherent power in the federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b). *See also* Fed. R. Civ. P. 11; Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. 2254.

There are competing concerns which guide whether a court should dismiss an action for failure to prosecute. As the Sixth Circuit has explained:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. On the other hand is the policy which favors disposition of cases on their merits. In recognizing those competing concerns, this circuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff. Absent a showing of a clear record of delay or contumacious conduct, the order of dismissal is an abuse of discretion, such that the district court is limited to lesser sanctions designed to achieve compliance.

*Little v. Clayton Teutter*, 984 F.2d 160, 162 (6th Cir. 1993) (internal citations omitted).

Here, the Magistrate Judge has made plain that there is a record of delay and failure to comply with a court order. Nine months after originally filing documents

3

indicating an intent to file a habeas corpus petition, Petitioner still had not filed the petition. Petitioner received extensions of time totaling 180 days to file his petition. Although the Magistrate Judge ordered him to file his petition by April 19, 2010, Petitioner failed to file the petition or request another extension of time. Petitioner did not acknowledge his failure to respond until he filed a response to the Magistrate Judge's Report and Recommendation. In the response, Petitioner argued the legal bases for his habeas corpus petition but did not address the Magistrate Judge's Report and Recommendation. Petitioner had previous notice that failure to file his habeas corpus petition would result in dismissal for failure to prosecute, as the Magistrate Judge issued (and subsequently withdrew in light of Petitioner's first motion for extension of time) a Report and Recommendation to dismiss the action for that precise reason.

### III.  CONCLUSION

After reviewing this matter *de novo*, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** the case for lack of prosecution. This matter shall be **CLOSED** and **TERMINATED** from the docket.

**IT IS SO ORDERED**.

       */s/ Michael R. Barrett*
       Michael R. Barrett, Judge
       United States District Court